IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRANDY MICHELLE RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-676-CAN |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Carolyn W. Colvin's Motion to Dismiss for Lack of Jurisdiction [Dkt. 11], which this Court by Order dated October 5, 2015 [Dkt. 17] converted into a Motion for Summary Judgment (the "Commissioner's Motion" or "Motion"). After considering the Commissioner's Motion, all pleadings on file, and the applicable law, the Court finds that the Motion to Dismiss, as converted to a Motion for Summary Judgment, should be **GRANTED** as Plaintiff's case was untimely filed.

**BACKGROUND**

On October 16, 2014, pursuant to 42 U.S.C. § 405(g), Plaintiff filed suit for judicial review of the Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act [*see* Dkt. 1]. On March 13, 2015, the Commissioner filed a Motion to Dismiss, requesting the Court dismiss the above-styled case because Plaintiff failed to timely file her civil action in this Court [Dkt. 11 at 1]. Plaintiff did not respond to the Commissioner's Motion. The Court, in an Order dated October 5, 2015, converted Defendant's Motion to Dismiss into a Motion for Summary Judgment and gave Plaintiff until November 6, 2015 to file, if she so desired, briefing as to why summary judgment

should be not granted [Dkt. 17]. Plaintiff did not file any briefing, and has stated no opposition to the Commissioner's Motion.

## ANALYSIS

In her Motion, the Commissioner requests that this case be dismissed for Plaintiff's failure to timely file.[1] In support of the Motion, the Commissioner attached a Declaration from the Office of Disability Adjudication and Review (the "Declaration") setting forth the procedural history in this case [Dkt. 11-1]. The Declaration states, in pertinent part, that: (i) Plaintiff's claim was denied initially on November 29, 2011, and upon reconsideration on January 30, 2012; (ii) on March 26, 2013, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for benefits; (iii) on July 16, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision and sent notice of its denial of Plaintiff's request for review and of Plaintiff's right to commence a civil action within sixty (60) days from the date of receipt; (iv) on September 19, 2014, and again on October 15, 2014, Plaintiff filed a request for extension of time to file a civil action, which such requests were denied on February 18, 2015 for Plaintiff's failure to respond and identify why additional time was needed/requested; and (v) Plaintiff, thereafter, filed the instant suit on October 16, 2014.[2] *Id.*

---

[1] The Commissioner requested dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). However, the requirement that a claimant file a civil action within sixty (60) days of the Commissioner's final decision "is not jurisdictional but rather constitutes a period of limitations." *Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986); *see also Fletcher v. Apfel*, 2010 F.3d 510, 513 (5th Cir. 2000) ("This circuit has also held that the sixty-day limitations period of section 405(g) is non-jurisdictional."). Accordingly, Rule 12(b)(1) does not apply to the instant Motion; and, in light of the evidence presented in connection with the Motion and as noted above, the Court converted Commissioner's request for dismissal under Rule 12(b)(6) into a motion for summary judgment.

[2] Attached to the Declaration in support of these procedural facts is: (1) Plaintiff's "Notice of Disapproved Claim" from the Social Security Administration [Dkt. 11-1, Ex. 1]; (2) Plaintiff's "Notice of Decision – Unfavorable" from the ALJ [Dkt. 11-1, Ex. 2]; (3) Plaintiff's "Notice of Appeals Council Action" denying her request for review of the ALJ's decision [Dkt. 11-2, Ex. 3]; (4) Plaintiff's two requests to the Appeals Council for an extension of time to file a civil action [Dkt. 11-2, Ex. 4]; (5) the Appeals Council's letter to Plaintiff requesting that she explain why an extension should be granted [Dkt. 11-2, Ex. 5]; and (6) the Appeals Council's letter denying Plaintiff's request for an extension of time to file a civil action [Dkt. 11-2, Ex. 6]. Plaintiff does not dispute Defendant's recitation of the relevant procedural history in this case.

The Social Security Act provides that a claimant seeking judicial review of an adverse determination of an application for benefits must constitute a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see* 20 C.F.R. § 422.210(c). Failure to timely file a civil action for judicial review constitutes grounds for dismissal. *See, e.g., Fletcher v. Apfel,* 210 F.3d 510 (5th Cir.2000); *Flores v. Sullivan,* 945 F.2d 109 (5th Cir.1991). According to the Social Security regulations, a claimant is presumed to have received notice of the Commissioner's final decision five days after the date of such decision. 20 C.F.R. § 422.210(c); *see Fletcher,* 210 F.3d at 513. The Appeals Council may extend the time to file a civil action if a claimant shows good cause. 20 C.F.R. § 422.210(c). In addition, a plaintiff can invoke the doctrine of equitable tolling in appropriate situations. *Flores,* 945 F.2d at 113. Equitable tolling is usually appropriate only in cases where government misfeasance conceals the cause of action. *See, e.g., Bowen v. City of New York,* 476 U.S. 467, 478–81, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Flores,* 945 F.2d at 113; *Barrs v. Sullivan,* 906 F.2d 120, 122 (5th Cir.1990). In addition, "there are rare cases in which courts may toll [the limitations period] when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs,* 906 F.2d at 122.

Applying these principles to the instant case, the Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 16, 2014, and mailed such denial to Plaintiff [Dkt. 11-2, Ex. 3]. Therein, Plaintiff was advised of her entitlement to judicial review, and that such an action had to be commenced within 60 days of her receipt of the Appeals Council's decision. *Id.* Plaintiff is presumed to have received this letter within 5 days. See 20 C.F.R. § 422.210(c). Plaintiff has failed to rebut this presumption. Hence, Plaintiff's deadline for

seeking review in this Court – absent any extension or equitable tolling – was September 19, 2014.

Plaintiff did submit two requests, dated September 19, 2014, and October 15, 2014, respectively, for an extension of time to file her civil action [Dkt. 11-2, Ex. 4]. However, on January 29, 2015, the Appeals Council requested that Plaintiff provide a reason as to why addition time was needed/requested [Dkt. 11-2, Ex. 5. Plaintiff failed to respond; and, on February 18, 2015, the Appeals Council notified Plaintiff that "under [the Council's] rules, we may extend the time to file a civil action if you have a good reason for filing late. You have not provided a good reason for not filing on time…[t]herefore, we have denied your request for more time [to file a civil action]" [Dkt. 11-2, Ex. 6]. Accordingly, Plaintiff's time to file her federal lawsuit was not extended beyond the September 19, 2014 deadline. Plaintiff has also failed to present any evidence meriting the application of equitable tolling to her Complaint.[3]

Because Plaintiff did not institute this action until October 16, 2014, which is approximately one month after her September 19, 2014, deadline and because equitable tolling is not appropriate, the Court concludes that the Commissioner's Motion should be granted and the case should be dismissed as untimely filed.

---

[3] As the Fifth Circuit has noted "equity is not intended for those who sleep on their rights." *See, e.g., Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989).

## CONCLUSION

Accordingly, it is **ORDERED** that the Defendant's Motion to Dismiss, as converted into a Motion for Summary Judgment, is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

All relief not previously granted is **DENIED.**

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
**SIGNED this 30th day of November, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE